```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
WILLIAM EPPS,                  :    09-CIV-4802 (LAP)(FM)
                               :
              Petitioner,      :
                               :    ORDER ADOPTING REPORT &
                               :    RECOMMENDATION
              v.               :
                               :
ROBERT ERCOLE,                 :
                               :
                               :
              Respondent.      :
------------------------------x
```



Loretta A. Preska, Chief U.S.D.J.:

WILLIAM EPPS ("Petitioner" or "Epps"), proceeding pro se, under 28 U.S.C. § 2254, seeks a writ of habeas corpus to challenge his 2005 conviction in New York State Supreme Court, New York County, for single counts of Burglary in the First Degree, Robbery in the Second Degree, and Assault in the Second Degree. (Petition for Writ of Habeas Corpus, [dkt. no. 2] dated April 17, 2009 ("Petition") at 1.) Specifically, Petitioner raises three claims, all previously advanced as part of his direct appeal. (Id. at 8.) First, Epps argues that the trial court violated his constitutional due process rights because it failed to suppress specific identification evidence that was unduly suggestive. (Id. at 4-5.) Second, he argues his due process rights were violated when a court officer improperly instructed several jurors on a procedural issue that might have

1

affected their decision. (Id. at 5.) Third, he claims he was convicted against the weight of the evidence. (Id. at 6.)

On May 17, 2013, Magistrate Judge Maas issued a Report and Recommendation proposing that this Court deny the writ because Petitioner failed to demonstrate that his conviction resulted from an unreasonable application of federal law. (See Report and Recommendation, [dkt. no. 24] dated May 17, 2013 ("Report and Recommendation") at 2.) The Report and Recommendation also suggests that this Court deny Petitioner a certificate of appealability because Petitioner failed to show substantially that his constitutional rights were abridged, as required by 28 U.S.C. § 2253(c)(2). (Id.) For the reasons below, this Court adopts the Report and Recommendation in its entirety.[1]

First, this Court agrees with the conclusion that all five of the arguments in Petitioner's suppression of the evidence claim are unavailing.[2] Petitioner failed to prove that both his appearance in a lineup and the circumstances of his identification were "so impermissibly suggestive" that "a very

---

[1] For the purposes of this Order, the Court presumes familiarity with the relevant facts and procedural history and incorporates the Report and Recommendation's detailed summary for this background. (See Report and Recommendation at 2-13.)

[2] In Petitioner's Traverse Reply brief, he states that all issues not addressed in his reply are not conceded but, instead, are addressed in his appellate brief. (Traverse Reply to Respondent's Opposition to Petitioner's Writ of Habeas Corpus, [dkt. no. 16] dated Feb. 12, 2010, at 2.) Accordingly, this Court has considered Petitioner's appellate brief arguments as well as those in Petitioner's appellate reply brief. (See Decl. of Lea L. La Ferlita [dkt. no. 9] dated Aug. 13, 2009 ("Ferlita Decl."), Exs. A & C.)

2

substantial likelihood of irreparable misidentification" occurred. Simmons v. United States, 390 U.S. 377, 384 (1968). Additionally, three of his five suppression-of-evidence arguments fail on the alternative ground that they are unpreserved for review, People v. Epps, 851 N.Y.S.2d 507, 508 (N.Y. App. Div. 1st Dep't 2008), and Petitioner has not demonstrated that these claims qualify for exception due to cause for default, resulting prejudice, or a potential miscarriage of justice, such as actual innocence. See Sweet v. Bennett, 353 F.3d 135, 141 (2d Cir. 2003). As a result, these three arguments are not cognizable by this Court because the Appellate Division relied on an independent and adequate state law ground to resolve them. See Coleman v. Thompson, 501 U.S. 722, 729-31 (1991) (rejecting a claim on independent and adequate state law grounds renders it procedurally defaulted).

Second, this Court agrees with the Report and Recommendation's suggestion that it deny Petitioner's entire improper communication claim. (See Report and Recommendation at 23.) This decision is justified by the trial court's reasonable conclusion that the juror-officer communication was harmless, and Petitioner has failed to present the requisite evidence here to overturn the presumption that the state court's factual determination is correct. See 28 U.S.C. § 2254(e)(1); Wainwright v. Witt, 469 U.S. 412, 428 (1985). Moreover, because

3

the officer's comments could only conceivably prejudice the defendant if he did not present a case in his defense, the allegedly improper communication became irrelevant the moment Petitioner presented his defense. (See Trial Tr. dated Mar. 4, 2005, at 230.)

Finally, the Court agrees with the conclusion that the weight of the evidence claim should fail on both procedural and substantive grounds. (See Report and Recommendation at 24-25.) Procedurally, a weight-of-the-evidence argument is a pure state law claim grounded in N.Y. Crim. Proc. Law § 470.15(5) and is therefore not cognizable under federal habeas review. See 28 U.S.C. § 2254(a); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (habeas corpus review not available to remedy alleged errors of state law). Substantively, even if the petition were construed as a federally cognizable insufficient evidence claim, it would fail on the merits because the Court must review "the evidence in the light most favorable to the prosecution" and reject such a claim if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Garrett v. Perlman, 438 F. Supp. 2d 467, 471 (S.D.N.Y. 2006) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Viewing the facts for the prosecution, a rational juror certainly could have found guilt beyond a reasonable doubt where: 1) Petitioner was identified by three credible eye

witnesses; 2) Petitioner lived in one of few apartments located directly where the responding officer lost sight of the assailant; and 3) Petitioner was the only person identified who also sported gold teeth similar to those described by the witnesses.[3] (See Report and Recommendation at 25.)

## CONCLUSION

Having received no objections and finding Judge Maas' analysis to be correct and appropriate upon de novo review, see FED. R. CIV. P. 72(b), the Report and Recommendation is hereby ADOPTED. Accordingly, the Petition is denied, and the Court declines to issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Clerk of Court is instructed to mark this action closed and deny all pending motions as moot.

SO ORDERED.

Dated:   New York, New York
         August  11, 2015

_____
LORETTA A. PRESKA
Chief United States District Judge

---

[3] Petitioner suggests to this Court that his gold caps should not be considered a particularly distinctive identifying feature because such caps were very popular among the urban African-American community at the time of the attack. (See Ferlita Decl. Ex. A at 9.) However, the gold caps are not the only factor linking Petitioner to the attack, nor are they necessarily the most compelling. They are simply one of several aforementioned evidentiary factors that may have led a rational juror to find Petitioner guilty.

5